

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| THE SCOTTS COMPANY LLC, an Ohio Limited Liability Company,<br><br>   Plaintiff,<br><br>v.<br><br>PENNINGTON SEED, INC., a Delaware Corporation,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.: 3:14-cv-248

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff The Scotts Company LLC ("Scotts"), by counsel, submits this Complaint against Defendant Pennington Seed, Inc. ("Pennington") for false advertising in the commercial promotion of grass seed products and plant foods, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and in violation of Virginia state law and other applicable law.

## INTRODUCTION

1.      Scotts regrets having to file another false advertising lawsuit against Pennington so soon after this Court's February 26, 2014 Final Judgment, Findings of Fact and Conclusion of Law, which held, among other things, that Pennington's 2012 root comparison advertisements were based on invalid tests that Pennington conducted using outdated and improper use directions for Scotts' EZ Seed®.  Unfortunately, Pennington's decision to continue to use of the invalid testing to support advertisements in the recently launched 2014 advertising campaign has left Scotts with no choice.

2.      On February 26, 2014, this Court entered a Final Judgment and Findings of Fact and Conclusions of Law in a closely related false advertising action between Scotts and Pennington styled *Scotts Company, LLC v. Pennington Seed, Inc.*, Civil Action No. 3:12-cv-000168.

3.      In the Findings of Fact and Conclusions of Law, the Court explicitly held that:

> The parties agree that Pennington's testing rate is inconsistent with the current EZ Seed® directions for use. Because all the relief requested in this case is prospective, that fact alone **invalidates Pennington's testing as support for any advertisements similar to, or the same as, those run in the 2012 growing season (March 2012 through May 2012). Because of the new EZ Seed® directions for use on current labels, any lift test or <u>root comparisons</u>** would have to be based on new tests.

*Scotts Company, LLC v. Pennington Seed, Inc.*, 3:12-cv-000168, Dkt. No. 169 at 9 (E.D.Va. Feb. 26, 2014) (emphasis added).

4.      The Court saw no need to award injunctive relief, relying instead on Pennington's counsel's statement that, "The ad is withdrawn. You are not going to see the ad again… The claim that was in the commercial isn't active anymore." (*Id.* at 25 (denying injunctive relief because "…the advertising is no longer in use."); Closing Arguments Tr. at 106:22-107:7).

5.      Despite this Court's judgment and Pennington's representations, Scotts has now discovered that Pennington's 2014 advertising campaign for 1 Step Complete highlights alleged rooting differences **based on the very tests this Court found to be invalid**. In fact, the pictures being used in the 2014 campaign are pulled directly from the discredited 2012 testing.

6.      Because the 2014 campaign rooting claims are based on the invalidated testing, they are literally false as a matter of law.

7.      Scotts brings this action to protect both itself and grass seed consumers from materially false representations regarding the rooting abilities of EZ Seed® that have been, and continue to be, made by Pennington.

## THE PARTIES

8.      Plaintiff The Scotts Company LLC is an Ohio limited liability company with its principal place of business at 14111 Scottslawn Road, Marysville, Ohio 43041.

9.      Defendant Pennington is a Delaware corporation with its principal place of business at 1280 Atlanta Highway, Madison, Georgia 30650.

10.     Defendant Pennington distributes, markets, and sells a variety of grass seed products in this judicial district and throughout the United States, including 1 Step Complete, a combination grass seed product ("1 Step Complete") through the false and misleading advertising at issue in this lawsuit.

11.     Scotts is a direct competitor of Pennington in the distribution, promotion and sale of, among other things, consumer grass seed products in this judicial district and throughout the United States, including EZ Seed® combination grass seed product unfairly maligned in the false and misleading advertising at issue this lawsuit.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over Count I – Scotts' federal false advertising claims under the Lanham Act, 15 U.S.C. §1125(a) – pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

13.     This Court has supplemental jurisdiction over Counts II and III – Scotts' state common law false advertising claims – pursuant to 28 U.S.C. § 1367, and pursuant to 28 U.S.C. § 1338(b) because they are joined with a substantial and related claim under the federal unfair competition laws.

14.     This Court also has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, because the citizenship of the parties is diverse and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

15.     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because Defendant Pennington is subject to personal jurisdiction here and because its misconduct giving rise to Scotts' claims in substantial part occurred here.

16.     This Court is also particularly well suited to hear this action because it is already familiar with the parties, products, testing, and advertising at issue as a result of presiding over Civil Action No. 3:12–CV–168.

## COMMON FACTS

### The Products

17.     Scotts is a leading supplier of products for the consumer lawn and garden care, professional turf care, and professional horticulture markets worldwide. Scotts manufactures and sells market-leading Turf Builder® brand products. Scotts has been in business for more than 140 years, and has a national reputation for high quality and integrity.

18.     Among the variety of product types manufactured, marketed and distributed by Scotts in interstate commerce are its popular, successful and high-quality grass seed products. The only Scotts product relevant to this action is EZ Seed®.

### EZ Seed®

19.     EZ Seed® is a combination product that contains not only seed, but also fertilizer and a highly-absorbent coconut fiber (coir) mulch that absorbs and holds water.  These additional components help grass grow even in tough conditions both by protecting the seed from drying out and by supplying nutrients to the seed.  Because the coir is compressed during manufacture, and because the coir absorbs so much water, it expands considerably when first watered.  This expansion helps a very small volume of product grow to envelop the seed in a protective layer of mulch.



20.     Prior to November 2011, every package of EZ Seed® contained a set of directions calling for an application of a thin 1/8" layer in bare areas.



21.     In or around November 2011, Scotts began shipping EZ Seed® with a new set of directions for use, which provide a photograph showing the appropriate application rate for EZ Seed®:



## 2. APPLY · APLIQUE

Evenly apply EZ Seed® so the area is mostly covered, but bare ground is still visible. (Use half as much for thin areas). Only apply the recommended amount so that seedlings have enough space to access water and nutrients.

22.     Scotts did not intend these new instructions to alter the application rate of the product.  In fact, the application rate reflected in the new directions for use was the same rate that Scotts had always recommended by referring to a thin 1/8" layer.

## Pennington's Products

23.     Pennington is a direct competitor of Scotts, marketing and selling its grass seed products alongside Scotts' products in retail stores in Virginia and throughout the country, including at large national retailers such as The Home Depot, Lowe's, and Wal-Mart.

24.     Pennington distributes, markets, and sells 1 Step Complete in direct competition with Scotts' EZ Seed®. Like Scotts' EZ Seed®, 1 Step Complete includes additional materials such as mulch and fertilizer mixed in with the actual grass seeds to help the grass seeds grow. Unlike EZ Seed®, 1 Step Complete's mulch is comprised of paper and wood fiber. Also, the 1 Step Complete mulch does not expand significantly when watered.

## Pennington's Invalidated Testing

25.     Starting in 2010, Pennington began competitive testing of 1 Step Complete and EZ Seed®. This testing was conducted by Mr. Kenneth Hignight of NexGen Turf Research, Inc., which is a wholly owned subsidiary of Pennington. NexGen functions like the in-house research and development department of Pennington.

26.     Mr. Hignight's testing was covered in depth at trial during the previous related litigation. Mr. Hignight's testing of EZ Seed® was conducted at application rates that, while alleged to be 1/8", were admittedly far in excess of the rate reflected on the new directions for use for EZ Seed® – regardless of whether those rates were appropriate under the old directions.

27.     Aside from grossly over-applying both EZ Seed® and 1 Step Complete, Mr. Hignight's testing methodologies are materially and fundamentally flawed for numerous other reasons as well, many of which we discussed during the recent trial.

28.     The primary finding of many of Mr. Hignight's tests was that EZ Seed® allegedly failed to properly root into the soil, and that EZ Seed® grows significantly fewer and shallower

roots than 1 Step Complete – results easily explained by Mr. Hignight's outrageous application rates.

29.     Indeed, this Court held – after hearing detailed testimony, including from Mr. Hignight himself – that Mr. Hignight's tests could not support rooting claims against EZ Seed® because the EZ Seed® in Mr. Hignight's tests was applied at a rate totally inconsistent with EZ Seed®'s new directions for use. *Scotts Company, LLC v. Pennington Seed, Inc.*, 3:12-cv-000168, Dkt. No. 169 at 9 (E.D.Va. Feb. 26, 2014).

30.     Mr. Hignight was aware of the new directions for use as early as spring of 2012, but Pennington – even in the 2014 advertising campaign that it rolled out after the Court's ruling in the prior related case – continues to rely on his testing conducted in a manner completely contradictory to the current directions for use.

### Pennington's Current Use of the Invalidated Testing

31.     Only one rooting claim was at issue in the prior litigation between Scotts and Pennington. That advertisement, referred to as the lift test, showed a supposedly scientific trial involving an attempt to lift flats of grass by the shoots. In the commercial, the Pennington product lifted intact, but EZ Seed® tore out of the soil by the roots.

32.     Immediately prior to trial in the previous litigation, Pennington withdrew the lift test advertisement under a stipulation entered by the parties that permitted voluntary withdrawal of advertising. The lift test ad, however, was not withdrawn because of the lift test. Instead, Pennington withdrew the claim "we put in twice as much seed as their EZ Seed®" which happened to appear in the lift test commercial, and used this to argue that the lift test was no longer at issue in the case. At no time did Pennington ever withdraw rooting claims against EZ

Seed®, nor even the lift test itself. Mr. Hignight's rooting tests, however, were at issue during the trial.

33.     Scotts has recently discovered that despite this Courts' order, Pennington is once again making rooting claims based on the testing invalidated by this Court, including using images pulled directly from the invalidated testing.

34.     For example, Pennington is now using a pallet display purporting to show side-by-side rooting performance between 1 Step Complete and an "Other Combination Product." "Other combination product" unquestionably refers to EZ Seed; however, because it is 1 Step Complete's primary competition, and the pictures themselves come from an invalidated 2012 trial of 1 Step Complete and EZ Seed.[1] This display unit has been observed by Scotts in at least Georgia, New York, Indiana, Minnesota, North Carolina, and Ohio, and is presumed to have had nationwide distribution, including Virginia.



---

[1] Because the claim is an establishment claim and the underlying test is invalid, Pennington's rooting advertisements are literally false regardless of whether "Other Combination Product" refers to EZ Seed or not.

35.     Another similar display has recently been observed by Scotts' sales staff in Columbus, Ohio and in Florida, but is likewise assumed to be in use throughout the country including Virginia.  This display also includes the written claim "STRONGER ROOTS that take hold ON EVEN THE TOUGHEST PATCHES." [2]



36.     Further, Pennington's 2013 television commercial for 1 Step Complete – available on Pennington's website – contains a side by side rooting comparison directly identifying EZ Seed® as the competitive product.  (*See* http://www.penningtonseed.com/learn-and-grow/videos; a true and correct copy of the television commercial is included as Exhibit A on a DVD filed with this Complaint.)  Further, Pennington is now again running the 2013 television commercial to advertise for the 2014 season, which is just beginning.

---

[2] For all the same reasons described above, there is no doubt that this display unit draws a comparison to EZ Seed.

37. The same image depicted in the Pennington television commercial has been posted on Pennington's website on a page dedicated to a comparison of 1 Step Complete vs. Scotts EZ Seed®. That comparison also contains the written claim "Deeper Roots: Roots grow deep into the soil v. Scotts® EZ Seed®, whose roots grow into the mulch."



(http://www.penningtonseed.com/Learn-And-Grow/Seed-Compare/1%20Step%20Complete%20vs%20Scotts%20EZ%20Seed.)

38. Likewise, Pennington's homepage explicitly advertises 1 Step Complete as "help[ing] roots grow deeper for stronger hold than Scotts."



39.    On information and belief, Pennington is also currently running a 2013 1 Step Complete radio ad which also claims stronger rooting than EZ Seed.

40.    **The pictures of root growth used in Pennington's advertisements are copies of pictures appended to Mr. Hignight's invalidated 2012 rooting studies.**  Visual comparisons between the report images and the advertising images confirm that Pennington is still using claims based on invalidated testing:

a.    Comparison to display unit image:

Pennington Display Unit in use in 2014          2012 Rooting Trial (Pennington Trial Exhibit 60 at 74)
                                                 1SC Sun & Shade Plot 3





    b.    Comparison to TV/website image:







41.    The images of EZ Seed in the advertisements are also pulled directly from the discredited 2012 testing.

    a.    Comparison to Display Unit:





b.    Comparison to Television/website image:



42.    Each of the rooting claims made above are, therefore, based on the same testing conducted by Mr. Hignight at an inappropriate application rate and already invalidated by this Court.

43.    Because Pennington's advertisements are establishment claims based on scientific studies held by this Court to be incapable of supporting rooting advertising claims, they are false and misleading as a matter of law.

44.    Pennington's advertising, without valid scientific support, misrepresents at least both the performance of EZ Seed® and the comparative advantages offered by 1 Step Complete.

45.    Pennington's false and misleading advertisements have and will continue to cause actual damage, as well as irreparable harm, to both Scotts and grass seed consumers.

## COUNT I
## FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT

46.    Scotts incorporates by reference the allegations of paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     Pennington has, in commercial advertising and promotion, and on product labeling itself, misrepresented the nature, characteristics and qualities of its 1 Step Complete in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant Pennington is using and disseminating advertising materials that are false, deceptive, and/or misleading.

48.     Similarly, Pennington has in commercial advertising and promotion, misrepresented the nature, characteristics and qualities of Scotts' EZ Seed® in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendant Pennington is using and disseminating advertising materials that are false, deceptive, and/or misleading.

49.     Pennington's violations of 15 U.S.C. § 1125(a) are intentional and willful, and entitle Scotts to recover from Pennington three times Scotts' damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

50.     Pennington's intentional and willful violations of 15 U.S.C. § 1125(a) entitle Scotts to recover its reasonable attorneys' fees in an amount to be determined at trial pursuant to 15 U.S.C. § 1117(a).

51.     Pennington's acts of federal false advertising and unfair competition prohibited by the Lanham Act are causing Scotts to suffer irreparable harm, for which it has no adequate remedy at law.

52.     Unless and until Pennington's actions are permanently enjoined, Scotts will continue to suffer irreparable harm.

## COUNT II
## FALSE ADVERTISING IN VIOLATION OF
## VIRGINIA CODE §§ 18.2-216 AND 59.1-68.3

53.     Scotts incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though fully set forth herein.

54.     Pennington has intentionally falsely advertised 1 Step Completes for the purpose of inducing consumers, retailers and the public to purchase more of those products.

55.     Pennington has intentionally falsely advertised Scotts' EZ Seed® for the purpose of inducing consumers, retailers and the public to purchase more of Pennington's 1 Step as opposed to Scotts' EZ Seed®.

56.     Pennington's misconduct as described herein constitutes false advertising, and making representations or statements of fact in written advertising that are untrue, deceptive or misleading, in violation of Va. Code §§ 18.2-216 and Va. Code §§ 59.1-68.3.

57.     Scotts is entitled to recover from Pennington the damages that Scotts has suffered from Pennington's false advertising, as well as its reasonable attorneys' fees, pursuant to Va. Code §§ 59.1-68.3.

58.     Pennington's acts of false advertising prohibited by Virginia law are causing Scotts to suffer irreparable harm, for which it has no adequate remedy at law.

59.     Unless and until Pennington's actions are permanently enjoined, Scotts will continue to suffer irreparable harm.

### COUNT III
### COMMON LAW UNFAIR COMPETITION

60.     Scotts incorporates by reference the allegations of paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     Pennington, through its representatives in retail stores, has engaged in a malicious campaign of unfair competition to destroy Scotts' reputation through false and misleading

advertisements as set forth above, as well as through destruction of Scotts' own advertising, marketing and promotional materials.

62.     Pennington's misconduct constitutes unfair competition under federal and state common law.

63.     Scotts is entitled to recover from Pennington the damages that Scotts has suffered as a proximate result of Pennington's unfair competition.

64.     Pennington's acts of unfair competition under the common law are causing Scotts to suffer irreparable harm, for which it has no adequate remedy at law.

65.     Unless and until Pennington's actions are permanently enjoined, Scotts will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, The Scotts Company prays that the Court:

A.     Permanently enjoin Pennington from publishing, making or disseminating false claims on or in connection with 1 Step Complete, including but not limited to competitive superior rooting claims;

B.     Permanently enjoin Pennington from publishing, making or disseminating false claims regarding the performance of EZ Seed®, including but not limited to inferior or inadequate rooting performance claims;

C.     Award Scotts actual compensatory damages as a judgment against Pennington in an amount to be determined at trial for Pennington's violations of the Lanham Act, 15 U.S.C. § 1125, and Va. Code §§ 18.2-216 and 59.1-68.3;

D.     Award Scotts treble damages as a judgment against Pennington for its willful violations of the Lanham Act;

E.      Award Scotts its costs and reasonable attorneys' fees from Pennington pursuant to

the Lanham Act, and Va. Code§ 59.1-68.3;

F.      Enter such other relief as may be just and proper.

Dated: April 4, 2014

Respectfully submitted,

THE SCOTTS COMPANY, LLC

By _____
                    Counsel

Stephen P. Demm (Va. Bar No. 30534)
sdemm@hunton.com
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219-4074
Telephone:  (804) 788-8200

Of Counsel:

Samuel A. Danon
Florida Bar No. 0892671
sdanon@hunton.com
HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone:  (305) 810-2500

Joshua M. Kalb (Ga. Bar No. 142493)
jkalb@hunton.com
HUNTON & WILLIAMS LLP
4100 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA  30308
Telephone:  (404) 888-4283